Filed 2/23/26  P. v. Stevenson CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E085167 |
| v. | (Super.Ct.No. PEF004508) |
| MARCUS WAYNE STEVENSON, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John M. Monterosso, Judge.  Reversed and remanded.

Matthew A. Lopas, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Daniel Rogers and Vincent P. LaPietra, Deputy Attorneys General, for Plaintiff and Respondent.

1

At a hearing pursuant to Penal Code section 1172.75,[1] the court found defendant and appellant Marcus Wayne Stevenson ineligible for resentencing pursuant to section 1170.126 (or the Reform Act). On appeal, defendant contends the court erred in declining to resentence him as a one strike defendant. We reverse and remand.

## I. PROCEDURAL BACKGROUND

On October 25, 2000, a jury found defendant guilty of two counts of vehicle theft. (Veh. Code, § 10851, counts 1 & 2.) Defendant thereafter admitted that he had suffered four prior strike convictions (Pen. Code, §§ 667, subds. (c), (e), 1170.12, subd. (c)) and three prior prison terms (Pen. Code, § 667.5, subd. (b)). The court sentenced defendant to a determinate term of three years in state prison followed by two indeterminate terms of 25 years to life.[2] (*People v. Stevenson* (Apr. 4, 2002, E028990) [nonpub. opn.] (*Stevenson I*); *People v. Stevenson* (Dec. 11, 2014, E058383) [nonpub. opn.] (*Stevenson II*).)

Defendant appealed. This court affirmed the judgment. (*Stevenson I, supra,* E028990; *Stevenson II, supra,* E058383.)

On November 21, 2012, defendant filed a petition for recall and resentencing pursuant to section 1170.126. The People filed opposition, contending defendant was not

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] The court incorrectly stated that the indeterminate term of 25 years to life for counts 1 and 2 were to be served concurrently. (*Stevenson I, supra,* E028990; *Stevenson II, supra,* E058383.)

2

entitled to resentencing because he posed a danger to public safety. (§ 1170.126, subd. (f).) (*Stevenson II*, *supra*, E058383.)

The court noted that defendant had previously pled guilty to voluntary manslaughter and was sentenced to 20 years in state prison for hitting a store clerk on the head with a baseball bat to steal $46, which resulted in the man's death "from the horrible injuries you inflicted on him." The court also observed that "a very short time" after being released from prison, defendant committed the vehicle theft crimes, one of which consisted of defendant taking advantage of someone who was trying to buy drugs. The court characterized that act as "typical of [defendant's] behavior and how [he] us[es] people." The court denied the petition. (*Stevenson II*, *supra*, E058383.)

Defendant appealed. This court affirmed the court's order, holding that the court did not abuse its discretion in finding that defendant would pose an unreasonable risk of danger to public safety if he were resentenced, and that a finding of dangerousness rendered defendant completely ineligible for recall and resentencing. (*Stevenson II*, *supra*, E058383.)

On July 17, 2022, defendant filed another petition pursuant to section 1170.126 requesting resentencing. The court expressly took no action on the petition.

On June 5, 2023, defendant filed a third petition pursuant to section 1170.126. At a section 1172.75 hearing on October 9, 2023, at which defendant was represented by counsel, the court struck defendant's three prior prison terms. The court continued the matter for potential further resentencing.

3

On January 17, 2024, defendant filed a petition inviting the court to exercise its discretion to resentence him pursuant to section 1172.1. The court denied the request.

On October 11, 2024, the People filed opposition to any resentencing of defendant under section 1172.75 pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

On December 10, 2024, the court noted that Senate Bill No. 483 "established a process wherein, if somebody who had the good fortune of a prior prison prior, they would be eligible to come to this court for resentencing." The court observed that a previous court "found that the defendant did pose an unreasonable risk of danger to public safety, and that decision was upheld on appeal."

The court noted that there was a split of authority as to whether defendant was constitutionally entitled to the ameliorative provisions of section 1170.126 via section 1172.75 resentencing. The court observed that two cases had found that section 1172.75 could not incorporate resentencing pursuant to section 1170.126 because the latter "was passed by the voters as a constitutional amendment, that the only way the Legislature can essentially change that—the holding in that law is if they passed a new law by two-thirds majority vote." Thus, because section 1172.75 "did not pass by a supermajority," the court ruled that defendant was not eligible for resentencing pursuant to section 1170.126.

"It is my finding that, even though those two cases are being reviewed by the California Supreme Court, they are still good law, and the logic and reasoning are extremely persuasive. So I believe this Court has no power—however much I would like

4

to consider [defendant's] case on the merits, I have no power to do so." Thus, the court found defendant ineligible for resentencing pursuant to section 1170.126.[3]

## II. DISCUSSION

Defendant contends the court erred in declining to resentence him as a one strike defendant. He also maintains the court that struck his prior prison terms on October 10, 2023, failed to recalculate his credits on the abstract of judgment. We reverse and remand the matter.

After the court in this case found defendant ineligible for relief pursuant to section 1170.126, and after the parties briefed the appeal, the California Supreme Court held, "section 1172.75 incorporates section 1170.126's discretionary public safety override as a condition for nonserious, nonviolent third strike offenders to obtain resentencing under the revised penalty provisions of the Reform Act. Because section 1172.75 and section 1170.126, thus interpreted, operate harmoniously, the revised penalty provisions of the Reform Act may constitutionally apply at a resentencing pursuant to section 1172.75." (*People v. Superior Court* (*Guevara*) (2025) 18 Cal.5th 838, 850 (*Guevara*).)

---

[3] It is unclear from the record as originally filed how the section 1172.75 proceedings had been initiated. "[S]ection 1172.75 does not authorize a defendant to seek resentencing on his or her own motion or petition. Rather the process is triggered by the Department of Corrections and Rehabilitation [CDCR] identifying a defendant as a person serving a sentence that includes a prior prison term enhancement. [Citation.]" (*People v. Cota* (2023) 97 Cal.App.5th 318, 332; accord, *People v. Newell* (2023) 93 Cal.App.5th 265, 268; *People v. Burgess* (2022) 86 Cal.App.5th 375, 382 [Lower and appellate courts lack jurisdiction over a request for section 1172.75 relief brought solely by a defendant].) On our own motion, we took judicial notice of a CDCR list, which identifies individuals potentially eligible for section 1172.75 relief; defendant's name appears on that list.

"[W]hen a defendant is being resentenced pursuant to a separate vehicle, section 1172.75 (one that did not exist at the time that section 1170.126's two-year filing deadline had expired in the absence of good cause), allowing resentencing outside of the two-year window without establishing the good cause necessary to file a late section 1170.126 petition does not unconstitutionally amend the Reform Act." (*Guevara*, *supra*, 18 Cal.5th at p. 865.)

"Construing the discretionary public safety determination of section 1170.126 as applicable at a section 1172.75 resentencing "'""maintain[s] the integrity of both statutes,'"""' such that "'""the two may stand together.'"""' [Citation.]" (*Guevara*, *supra*, 18 Cal.5th at p. 865.) "[T]he legislative history suggests the voters understood that where a court conducting a resentencing inquiry for Third Strike defendants serving an indeterminate term found relief 'would pose an unreasonable risk of danger to public safety,' the defendant would not be entitled to resentencing. [Citation.] We conclude . . . that interpreting section 1172.75 as incorporating the discretionary public safety determination of section 1170.126 would honor this concern and thus eliminate constitutional doubt." (*Id*. at pp. 865-866, fn. omitted.)

"In exercising this discretion, the voters established that the resentencing court may consider: '(1) The petitioner's criminal conviction history, including the type of crimes committed, the extent of injury to victims, the length of prior prison commitments, and the remoteness of the crimes; (2) The petitioner's disciplinary record and record of rehabilitation while incarcerated; and (3) Any other evidence the court, within its

discretion, determines to be relevant in deciding whether a new sentence would result in an unreasonable risk of danger to public safety.' [Citation.]" (*Guevara*, *supra*, 18 Cal.5th at p. 866, fn. 9.)

"The resentencing court is not bound by the prior dangerousness determination associated with [defendant's] section 1170.126 petition. Rather, section 1172.75 requires that the resentencing court makes a new determination as to whether a defendant's resentencing would 'pose an unreasonable risk of danger to public safety' as of the present day. [Citation.] A prior finding that a particular defendant poses a risk to public safety under section 1170.126, subdivision (f) is unquestionably relevant, and will no doubt be given consideration by a court subsequently resolving a resentencing under section 1172.75 involving an indeterminate Three Strikes sentence. However, given significant passage of time, it is possible that a defendant who once presented a threat to public safety may no longer do so. For instance, not only may defendants present evidence that they have significantly rehabilitated since a prior section 1170.126 proceeding, but serious illness or advanced age may have substantially reduced the danger to public safety they once posed. Realistically assessing such changed circumstances is appropriately left to the trial court on remand." (*Guevara*, *supra*, 18 Cal.5th at p. 878, fn. 17.)

Here, because the *Guevara* court overturned the cases relied upon by the lower court in finding defendant ineligible for section 1170.126 relief at the section 1172.75 hearing, the court's order denying the request for resentencing must be reversed, and the matter is remanded to that court. On remand, that court should conduct an analysis of whether defendant, at the time of the hearing, continues to pose a danger to public safety.

The court on remand is also directed to recalculate defendant's credits as of defendant's latest resentencing date. (See *People v. Buckhalter* (2001) 26 Cal.4th 20, 29 ["[W]hen a prison term already in progress is modified . . . the sentencing court must recalculate and credit against the modified sentence all actual time the defendant has already served, whether in jail or prison, and whether before or since he was originally committed and delivered to prison custody"].)

## III. DISPOSITION

The order denying defendant's request for resentencing pursuant to section 1172.75 is reversed. The case is remanded to the superior court. "If the superior court determines that resentencing [defendant] pursuant to the revised penalty provisions of the Reform Act would 'pose an unreasonable risk of danger to public safety,' the court shall reimpose an indeterminate term. [Citation.] If the superior court does not determine that resentencing [defendant] would 'pose an unreasonable risk of danger to public safety,' and [defendant] is otherwise eligible under the Reform Act, the court shall resentence [defendant] pursuant to the revised penalty provisions of the Reform Act. [Citation.]" (*Guevara*, *supra*, 18 Cal.5th at p. 878. fns. omitted.) The court is directed to recalculate

defendant's credits as of defendant's latest resentencing date.  We express no opinion on whether defendant is entitled to resentencing.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
Acting P. J.

We concur:

RAPHAEL
J.

LEE
J.